IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILIP H. WOOD,
    Plaintiff,

v.

1-800-GOT-JUNK?, LLC, et al.,
    Defendants.

Case No. 2:06-CV-117
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant RBDS Rubbish Boys Disposal Service, Inc. (Doc. #9). For the reasons that follow, the motion is denied.

### I.

Plaintiff, Philip H. Wood ["Plaintiff"], brings this action for alleged trademark infringement, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, against Defendants 1-800-Got-Junk?, LLC, RBDS Rubbish Boys Disposal Service, Inc., DLC & Associates, LLC, Srose Enterprises, Ltd., and David O'Brien. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Defendant RBDS Rubbish Boys Disposal Service, Inc. ["RBDS"] challenges this Court's exercise of personal jurisdiction.

Plaintiff, a resident of the State of Ohio, operates a business under the trade name and

mark "Got Junk?[1]" (*Am. Complaint* at ¶ 1). Plaintiff's business of hauling and disposing materials began over eighteen years ago as "Phil's Hauling." (*Id.* at ¶ 2). In 1996, Plaintiff began doing business under the "Got Junk?" name. (*Id.*). Defendant 1-800-Got-Junk?, LLC is a Canadian limited liability company with its principle place of business in Vancouver, British Columbia, Canada. (*Id.* at ¶ 4). Defendant RBDS is a Canadian corporation with its principle place of business in Vancouver, British Columbia, Canada. (*Id.* at ¶ 3). Defendant DLC & Associates, LLC is a limited liability company organized under the laws of the State of Wyoming. (*Id.* at ¶ 7).

Plaintiff alleges that DLC & Associates, LLC is registered to do business in the State of Ohio under the name 1-800-Got-Junk? and that it owns and operates 1-800-Got-Junk? franchise, located in Columbus, Ohio. (*Id.* at ¶ 7). Defendant David O'Brien is the registered agent and operator of the franchise. (*Id.*). Defendant Srose Enterprises, Ltd. is a limited liability company organized under the laws of the State of Ohio. (*Id.* at ¶ 8). Plaintiff alleges that Defendant Srose Enterprises, Ltd. owns and operates a 1-800-Got-Junk? franchise, located in Dublin, Ohio. (*Id.*).

Defendant RBDS owns the trademark 1-800-Got-Junk? and licenses its use to Defendant 1-800-Got-Junk?, LLC. (Exhibit 11, Doc. #33; License Agreement, Exhibit 7). In turn, 1-800-Got-Junk? LLC franchises the trademark throughout the United States, including in the State of Ohio. (*Declaration of Brian Scudamore* at ¶¶ 1, 6 attached as Exhibit A to Doc. #9). Defendant RBDS is not a party to any franchise agreement between the LLC and the entities in the United States, but RBDS provides services to assist the LLC in the operation of the LLC's franchise agreements. (*Id.*). In particular, RBDS operates a client Call Center, located in Canada, that

---

[1]The principle place of business is located in Newark, Ohio. (*Am. Compl.* at ¶ 1).

receives telephone calls and books hauling services for United States residents through local franchises. (*Scudamore Decl.* at ¶ 6; *Scudamore Depo.* at 23-30). RBDS is the subscriber to the 1-800-Got-Junk? telephone number that customers use to call the Call Center. (Resp. to Interrog. #20; *Scudamore Depo.* at 93). The record reveals that the RBDS Call Center receives a significant number of phone calls from Ohio residents[2].

In addition to operating the Call Center, RBDS developed and authorized the content of the "www.1800gotjunk.com" website. The website advertises hauling and disposal services under the 1-800-Got-Junk? mark and advertises franchise opportunities in the United States, including the State of Ohio. (Suppl. Resp. to Interrog. #15, Exhibit 10 to *Scudamore Depo.*). With respect to physical advertisements in Ohio, pursuant to its licensing agreement with RBDS, the LLC has obtained the consent of RBDS to advertise in Ohio. (Doc. #34, Exhibit 7 at ¶ 12)[3].

The RBDS development department also assists the LLC in its franchise pursuits in the United States by seeking out and interviewing potential franchisees. (*Scudamore Depo.* at 45-46). The RBDS development department maintains contact with all franchisees, making at least one to two visits per year, including visits to franchisees in the State of Ohio. (Exhibits 2, 3). RBDS receives a 6% markup on cost allocation for both the operation of the development department and the Call Center. (*Scudamore Depo.* at 23-30; Exhibit 3).

---

[2] During the month of July 2006, the Call Center received 2,800 telephone calls from residents in the State of Ohio. (*Scudamore Depo.* at 102-04).

[3] The agreement states in part: "The licensee agrees that before conducting any advertising or display of the marks or advertising of the system it will obtain the prior consent of licensor to the proposed form of advertising or display, which consent will not be unreasonably withheld by the licensor." (Doc. #34, Exhibit 7 at ¶ 12). When deposed, Brian Scudamore conceded that the term "advertisements" in the licensing agreement includes advertisements in the State of Ohio. (*Scudamore Depo.* at 101).

3

Defendant RBDS moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction. The Court now considers the merits of this motion.

## II.

### A. Standard.

In considering a motion to dismiss for lack of personal jurisdiction, it is the Plaintiff's burden to show that personal jurisdiction exists. *CompuServe v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir.1996). Where neither party requests an evidentiary hearing on the jurisdictional issue, as is the case here, "the Court must consider the pleadings and affidavits in a light most favorable to the Plaintiff" and the Plaintiff "need only make a *prima facie* showing of jurisdiction." *Id.*, citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458- 59 (6th Cir.1991).

### B. Discussion.

A federal court applies the law of the forum state to determine whether personal jurisdiction exists. *See L.A.K., Inc. v. Deercreek Enterprises*, 885 F.2d 1293, 1298 (6th Cir.1989). In order for the Plaintiff to make a *prima facie* showing of jurisdiction, Plaintiff must establish that: (1) Ohio's long-arm statute confers personal jurisdiction and (2) the Court's exercise of personal jurisdiction would not offend the constitutional limits of due process under the Fourteenth Amendment to the United States Constitution. *See CompuServe*, 89 F.3d at 1262.

#### 1. Ohio's Long-Arm Statute

The Court will first address whether RBDS is subject to personal jurisdiction pursuant to

Ohio's long-arm statute. Plaintiff asserts that personal jurisdiction over RBDS exists pursuant to Ohio Rev.Code §§ 2307.382(A) (1-4), which provides:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this state;
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

R.C. § 2307.382(A).

With respect to (A)(1), the Ohio Supreme Court holds that "transacting any business" is to be interpreted broadly. *See Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 480 (Ohio 1990). That is, the phrase means "to carry on business" or "to have dealings" and has a broader meaning than the word "contract." *Goldstein v. Christiansen*, 638 N.E.2d 541, 544 (Ohio 1994). A physical presence in Ohio is not required for personal jurisdiction to exist over a nonresident defendant. *Id.*

Plaintiff argues that this subsection is satisfied because RBDS has business dealings in Ohio. In particular, its development department seeks out franchise partners for the LLC in Ohio and RBDS employees make field visits to franchisees in Ohio. Through its Call Center, RBDS also answers calls from Ohio customers and owns the 1-800-Got-Junk? telephone number which customers use to contact the Call Center. RBDS also developed and authorized the content for the website which advertises hauling and disposal services as well as franchise opportunities in the United States, including Ohio. Although RBDS does not have a permanent, physical

5

presence in this state, such presence is not necessary to satisfy "transacting any business" in Ohio. The Court concludes that Plaintiff has come forward with sufficient evidence to show that RBDS satisfies subsection (A)(1) of the Ohio long-arm statute.

The Court also concludes that there is sufficient evidence to satisfy the exercise of personal jurisdiction under subsection(A)(4). RBDS' approval of advertising and franchisee arrangements were acts committed outside the State of Ohio that served to allegedly cause tortious injury, specifically, trademark infringement, in this state[4]. In addition, the evidence shows that RBDS, through the LLC, regularly solicits business in this state. In addition, the "www.1800gotjunk.com" website, which RBDS develops and approves of, not only advertises the allegedly infringing name, but also allows Ohio residents to book hauling services with Ohio franchisees, and advertises franchise opportunities in Ohio.

While Ohio's long-arm statute has been construed to give Ohio courts the maximum jurisdiction permitted under the Due Process Clause, the Supreme Court of Ohio has held that the long-arm statute may not exceed the limits of due process. *Goldenstein v. Christensen,* 638 N.E.2d 541, 545 n. 1 (Ohio 1994); *see also Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir. 1998). Accordingly, the Court now considers whether the exercise of personal jurisdiction over RBDS comports with due process.

### 2. Due Process

The fundamental inquiry is whether this Court's exercise of personal jurisdiction over

---

[4]Trademark infringement constitutes a tort. *See Hoover Co. v. Robeson Industries Corp.,* 904 F.Supp. 671, 673 (N.D. Ohio 1995).

RBDS would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A Court may exercise two types of jurisdiction over a nonresident defendant: specific and general. Specific jurisdiction exists if the subject matter of the lawsuit arises out of or is related to the Defendant's contacts with the forum. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir.1996). General jurisdiction exists when a Defendant's "continuous and systematic" conduct within the forum state renders that Defendant amenable to suit in any lawsuit brought against it in the forum state. *Id.* Plaintiff asserts that there is both general and specific jurisdiction over RBDS.

### General Jurisdiction

Plaintiff argues that the exercise of general jurisdiction over RBDS is proper because RBDS takes orders from Ohio residents, maintains a website that solicits Ohio residents, helps develop Ohio franchises, and visits Ohio franchisees one to two times per year. Plaintiff cites *Hunter v. Mendoza*, 197 F.Supp.2d 964 (N.D. Ohio 2002) in support of his contention in favor of general personal jurisdiction. In *Hunter*, the out-of-state Defendant had several permanent office locations and employees in the State of Ohio; its business was well-known in the State of Ohio; and substantial revenue was derived from business in Ohio.

Although RBDS assists the LLC in establishing franchises in this state and visits the state one to two times per year, these are not the sorts of "continuous and systematic" contacts sufficient to make RBDS amenable to any lawsuit in the State of Ohio. General jurisdiction exists only where "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the

7

action is unrelated to the defendant's contacts with the state." *Third National Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989). The Defendant's contacts with the forum state must be so substantial that "they amount to a surrogate for presence and thus render the exercise of sovereignty just, notwithstanding the lack of physical presence in the state." *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir.1997).

The Court does not find sufficient evidence of continuous and systematic contacts to establish general personal jurisdiction.

### Specific Jurisdiction

Specific personal jurisdiction may be exercised over a Defendant in a suit arising out of or related to the Defendant's contacts with the forum state. *Conti v. Pneumatic Prod. Corp.*, 977 F.2d 978, 981 (6th Cir.1992). Under *International Shoe* and its progeny, the Sixth Circuit has created a three-part test to determine whether specific jurisdiction may be exercised in accordance with the requirements of the Due Process Clause. *Southern Machine v. Mohasco Industries*, 401 F.2d 374, 381 (6th Cir.1968). First, the Defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the Defendant's activities there. *Id.* Third, the acts of the Defendant or consequences caused by the Defendant must have a substantial enough connection with the forum state as to make the exercise of jurisdiction over the Defendant reasonable. *Id.*

#### 1. Purposeful Availment

Purposeful availment is the "*sine qua non*" for personal jurisdiction. *Southern Machine v. Mohasco Industries*, 401 F.2d at 381. The purposeful availment requirement "gives a degree of

8

predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random', 'fortuitous', or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The application of that rule will vary with the quality and nature of the Defendant's activity, but it is essential in each case that there be some act by which the Defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Plaintiff asserts that RBDS' website is highly interactive, and that RBDS' website alone is enough to establish personal jurisdiction. In *Bath & Body Works, Inc. v. Wal-Mart Stores, Inc.*, No. C2-99-1190, 2000 WL 1810478 (S.D. Ohio Sept.12, 2000), this Court considered the circumstances under which the maintenance of an Internet website can satisfy the purposeful availment requirement. This Court relied on the test set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa.1997), which categorized Internet use along a spectrum of conduct. At one end of the spectrum, personal jurisdiction is proper because the Defendant clearly does business over the Internet by entering into contracts with residents of other states, which involve the knowing and repeated transmission of computer files over the Internet. *Bath & Body Works, Inc.*, 2000 WL 1810478 at *8. In these circumstances, specific jurisdiction is established. At the other end of the spectrum, the Defendant merely establishes a passive website that does nothing more than provide information to users. In this instance, the exercise of

jurisdiction is not proper. *Id.* It is the middle of the spectrum, where the Defendant's website allows a user to exchange information with a host computer, the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the website. *Id.*

In *V Secret Catalogue, Inc. v. Zdrok.*, No. 2:01-CV-0059, 2003 WL 22136303 (S.D. Ohio Aug.29, 2003) at *9, this Court held that Defendant's website, while falling in the "middle ground" identified by *Zippo* test, was sufficiently interactive to satisfy the purposeful availment prong of *Southern Machine*. There, the Defendant's website offered a variety of interactive features including an interactive quiz, auctions, and web camera sample "tours." *Id.* In the Court's view, RBDS' website, "www.1800gotjunk.com," also lies in the "middle ground" of the *Zippo* test but, it is more interactive than Defendant's website in *V Secret Catalogue*. RBDS' website allows Ohio residents to instantly book hauling services with local franchisees over the Internet. RBDS' website also advertises Ohio franchising opportunities and provides an "in depth tour" of the daily work of a franchisee.

In *Bath & Body Works*, this Court held there was purposeful availment where defendant's website advertised a toll-free order hotline, provided information for placing wholesale orders, allowed customers to join its e-mail list, and displayed a link for ordering on-line. Additionally, Defendant sold the allegedly infringing product directly to Ohio residents. *Bath & Body Works, Inc.*, 2000 WL 1810478 at *8. Although RBDS does not sell franchising opportunities directly to Ohio residents, the website specifically advertises franchising opportunities and services to Ohio residents. Additionally, RBDS helped LLC establish Ohio franchises, and approved of the allegedly infringing advertisements in Ohio. RBDS is also the subscriber of the 1-800-Got-Junk

toll free telephone number advertised on the website, and operates the Call Center which receives a substantial number of phone calls from Ohio residents. Even though RBDS itself does not own the website, RBDS developed the site and approves of its content.

Given the highly interactive level of the website, and RBDS' additional contacts with Ohio, the Court concludes that there is sufficient evidence to show that RBDS has purposefully availed itself of the privilege of conducting activities within this State.

### 2. Arising From Defendant's Activities

The second requirement for the exercise of specific personal jurisdiction is that the cause of action "must arise from the Defendant's activities" in the State of Ohio. *Southern Machine*, 401 F.2d at 374. The second criteria "does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities.'" *Third National Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir.1989), quoting *Southern Machine*, 401 F.2d at 384 n. 27. "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contact." *Southern Machine*, 401 F.2d at 384.

In this case, Plaintiff's claims are for trademark infringement and unfair competition. RBDS' alleged contacts with Ohio include approving advertisement of the allegedly infringing trademark in Ohio, and helping establish allegedly infringing franchises in Ohio. In view of the allegations and the nature of RBDS' contacts with Ohio, the Court concludes that there is a substantial connection between the claims and RBDS' in-state activities.

11

### 3. Reasonableness

The final requirement for the exercise of specific personal jurisdiction is that the "acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine*, 401 F.2d at 384. When the first two *Southern Machine* criteria are met, "an inference arises that the third, fairness, is also present; only the unusual case will not meet this third criterion." *First National Bank v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir.1982).

Factors to consider in determining reasonableness include the burden on the Defendant; the forum State's interest in adjudicating the dispute; the Plaintiff's interest in adjudicating the dispute; the Plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 477, citing *World-Wide Volkswagen*, 444 U.S. at 292.

RBDS argues that it would be unreasonable for this Court to exercise specific jurisdiction over Defendant because Defendant is a foreign company and is thereby subject to a significant burden litigating in this forum. RBDS cites to *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987) in support of this argument. *Asahi* involved an indemnification claim asserted by Cheng Shin, a Taiwanese corporation, against Asahi, a Japanese corporation. The Supreme Court held that it was unreasonable to exercise specific jurisdiction over Asahi in California because the interests of the forum state and Cheng Shin in adjudicating the dispute in California were slight. Cheng Shin's claim was based on a transaction that took place in Taiwan; therefore,

12

Cheng Shin did not have a significant interest for convenient relief in California. Further, since Plaintiff was not a resident of the forum state, and the claim was not for any wrongdoing in the state, the forum state's interest in adjudicating the dispute was slight. *Id.* at 114.

Unlike Asahi, the Plaintiff in this case is a resident of the forum state. All claims arise from events that occurred in Ohio. Further, as this Court has previously stated in *Bath & Body Works*, Ohio has "a strong interest in discouraging trademark infringement within the state and in seeing that its residents' property interests are protected." *Bath & Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 at * 9. Therefore, both Plaintiff and Ohio have significant interests in adjudicating the dispute in this forum. Although there will be some burden on RBDS litigating in Ohio, RBDS' burden does not outweigh both the Plaintiff's and Ohio's interest in adjudicating the dispute. When transactions occur between parties located a great distance from each one, it is inevitable that one of the parties to a lawsuit will be inconvenienced. Such fact, standing alone, cannot render the exercise of jurisdiction unreasonable. Therefore, the Court holds that exercise of specific jurisdiction over RBDS would be reasonable.

In light of the foregoing, the Court concludes that it has specific personal jurisdiction over Defendant RBDS so as to comport with the requirements of the Due Process Clause. Defendant RBDS' motion to dismiss for lack of personal jurisdiction is without merit.

## III.

The Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant RBDS Rubbish Boys Disposal Service, Inc. (**Doc. #9**) is **DENIED.** The Clerk shall remove this motion from the Court's pending motions list.

**IT IS SO ORDERED.**

3-22-2007
**DATE**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE